## Konkle v. Kennihan Development Company, Inc.

*Robert F. Hawk*, for plaintiff.

*Harry K. McNamee*, for defendant.

KIESTER, J., December 1, 1964.—This matter is before the court on a motion to take off a nonsuit that was entered April 21, 1964. Briefs were filed September 9, October 7, and October 21, 1964.

The suit is in assumpsit, and is based on a written contract. The damages claimed are loss of profits of $4,319.48. In defense it is claimed that plaintiff breached the contract and that defendant thereby suffered a loss for which it counterclaims in the amount of $1,092.40.

The contract in this case is in the form of an offer made by Konkle to Kennihan and accepted by Kennihan. The part of the contract to which Konkle objects and which Konkle states his agent was not authorized to make provides:

"We also agree there will be no delay in erection due to labor problems—Union or otherwise. The building is to be completely erected within a four-week period or twenty working days."

However, Konkle has brought action for damages on the contract. He cannot affirm part of the contract and deny part. On the pleadings and facts in this case, Konkle is bound by the terms of the entire contract.

The language of the contract above quoted is clear, explicit and unambiguous. Konkle promised that there would be no delay due to labor problems. Konkle commenced construction on May 28, 1962. On June 1, 1962, the employes of Konkle stopped work, and on June 4, 1962, Konkle removed his crane and equipment from the site. Shortly after the work stoppage attorney McNamee phoned Konkle and demanded that Konkle resume work. This was followed by a letter advising Konkle in effect that unless construction was resumed on June 11, 1962, Kennihan would consider the contract breached and take over the construction. Konkle did nothing, and Kennihan constructed the building.

The building was being constructed to house bowling alleys. The objective of the owners was to erect the building in time to secure the business of bowling leagues. This was called to the attention of Konkle in the letter of June 8, 1962. It was the reason for the inclusion of the controversial two sentences in the contract.

The delay in erection due to labor problems constituted a breach of a material provision of the contract. After the demand to resume work was ignored, Kennihan had the right to treat the contract as breached and to take over the construction of the building. Since the labor dispute was not settled until late in August, it is indicated that the action of Kennihan had the effect of mitigating damages. The building was completed in time for the fall bowling season.

By virtue of the testimony of Mr. Konkle that it would take three weeks to complete the construction, it is clear that by June 11th it was impossible for the plaintiff to completely erect the building "within a four week period or twenty working days." The starting date as stipulated by the parties had been May 28, 1962. The labor dispute continued and plaintiff could not have resumed construction at any time during the

four-week period or 20 days working days. Since plaintiff could not erect the building within the time specified, defendant had no obligation to wait until the end of the period before completing the building. Such is particularly true where time is important and delay would result in the loss of a year's business.

Plaintiff breached a material provision of the contract. He has no right to damages for loss of profits.

ORDER

Now, December 1, 1964, based on the foregoing, the motion to remove the nonsuit is refused.